## SUPREME COURT.

In the Matter of the Petition of Eugene Keteltas to Vacate an Assessment for Curb, Gutter and Flagging.

*Invalid proof to vacate an assessment.*

Where the proof is entirely insufficient to establish the fact that a certain newspaper, to publish legal notices, was designated by the comptroller of the city of New York for a certain year, and that the assessment proceedings in a street matter took place during that year, it is irregular to order the assessment vacated.

*General Term, First Department, October* 18, 1874.

Appeal from an order vacating assessment.

*E. Delafield Smith,* for appellant.

*Neville & Andrews,* for respondent.

Davis, P. J. — In this case also, the petitioner has failed to establish any interest in the lots which entitles him to maintain the proceedings. The reasons assigned in the opinion in *In re Phillips* are equally applicable to the present case.

There was also an utter failure to prove the alleged defect. It was shown that the New York Leader was designated by the comptroller as one of the papers to publish the proceedings of the common council, pursuant to the first section of chapter 586 of the Laws of 1867; but the designation was limited by its terms to the year 1867.

All the proceedings in this matter took place in 1868. The absence of notices, &c., in the New York Leader, in 1868, may quite as readily be accounted for, perhaps, by presuming

In the Matter of Keteltas.

the non-designation of that paper for the year 1868, as by the presumption that the officers of the city were guilty of a neglect of official duty. It is quite certain that no proof was given that the Leader was appointed for 1868, unless it is to be found or inferred from a certificate which, in terms, designated that paper " during the year 1867." And to treat the proof given as evidence of a fatal defect, it is necessary to presume a double neglect of duty on the part of public officers. First, that the comptroller neglected to make any designation for the year 1868 ; secondly, that the common council neglected to publish its proceedings in all the papers employed by the city.

Again, if the designation of the Leader for 1868 can be inferred, that alone was not sufficient proof that that paper, in fact, became one of those employed by the city. The proof given was only one step toward proving such employment, and, as the paper was not bound by the mere act of designation, there was a fatal insufficiency in the proof given.

I am of opinion, also, that, had the alleged defect in publication been proved, the seventh section of the act of 1872 (*Sess. Laws*, 1872, *chap.* 580) operates to prevent the vacating of the assessment on any such ground, and that this case is not within the exception contained in that section (*Lennon case, court of appeals, and matter of Antwerp, same, court*).

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the petition denied, with ten dollars costs of the court below.

BRADY, J., concurs.

DANIELS, *J.* — I concur, without deciding what the effect of the act of 1872 should have in the case.